# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. SAVAGE, #318262, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-CV-1817-JPG ) |
| STEVE HERNDON, CHERYL TRIPLETT, JOHN DOE 1, JOHN DOE 2, and THE CITY OF BELLEVILLE, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James A. Savage, currently housed at St. Clair County Jail ("Jail), filed this *pro se* action pursuant to 42 U.S.C. § 1983. According to the Complaint, on August 14, 2018, Plaintiff was the victim of excessive force. It appears that Plaintiff was a pretrial detainee at the time of the alleged incident. Plaintiff attempts to assert claims against the deputy who allegedly assaulted him, Steve Herndon; three deputies who allegedly witnessed the assault, Cheryl Triplett, John Doe 1, and John Doe 2; and the City of Belleville. Plaintiff seeks monetary relief.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On August 14, 2018, when Plaintiff was returning from the gym with other inmates, Deputy Herndon directed him not to

1

talk. (Doc. 1, pp. 4-5). Shortly thereafter, Plaintiff began talking with another inmate. *Id.* At that point, Deputy Herndon placed Plaintiff in a "full nelson" and took him to the inmate dressing area (Plaintiff says he was "manhandled"). *Id.* Plaintiff said, "Why are you handling me this way? With all due respect, I'm 52 years old." (Doc. 1, p. 5). Herndon replied, saying, "I'm 50, so what." *Id.* Herndon then slammed Plaintiff's head into a concrete wall, knocking him unconscious. *Id.* When Plaintiff regained consciousness, he was in a pool of blood, and an unidentified official told Plaintiff he was going to be transported to the hospital. *Id.*

## Preliminary Dismissals

### *City of Belleville*

Political entities – like the City of Belleville – may not be held vicariously liable under § 1983 for the actions of its employees, unless the employee acted pursuant to a policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Complaint contains no allegation that any of Herndon's alleged actions were taken pursuant to the policies and customs of the City of Belleville. Therefore, the Complaint fails to state a claim against the City of Belleville, and this entity will be dismissed from the Complaint without prejudice.

### *Triplett, John Doe 1, and John Doe 2*

According to the Complaint, Triplett, John Doe 1, and John Doe 2 were in the inmate dressing area when Deputy Herndon slammed Plaintiff's head into the wall. *Id.* The Complaint includes no additional information regarding what role, if any, these individuals played in the alleged assault. There is no indication that any of these individuals participated in the alleged assault. Additionally, the fact that these individuals were present when another deputy suddenly slammed Plaintiff's head into a concrete wall, standing alone, does not support a failure to protect claim. Accordingly, Triplett, John Doe 1, and John Doe 2 will be dismissed from the

2

Complaint without prejudice for failure to state a claim upon which relief can be granted.

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

> **Count 1 –** Fourteenth Amendment claim against Herndon for subjecting Plaintiff to excessive force on August 14, 2018.

### Count 1

Because Plaintiff was a pre-trial detainee at the time of the incident, his excessive force claim falls under the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment clause. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The Fourteenth Amendment's Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). To prove that force was excessive, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*.

Considering the above authority, the Court will allow Plaintiff to proceed on an excessive force claim against Herndon based on his allegation that he restrained him in a "full nelson" and slammed his head into a concrete wall, knocking him unconscious.

## Disposition

**IT IS HEREBY ORDERED** that **TRIPLETT, JOHN DOE 1, JOHN DOE 2,** and **THE CITY OF BELLEVILLE** are dismissed from the Complaint without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Complaint, which includes **COUNT 1,** will

proceed as to **HERNDON**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **HERNDON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2018**

     s/J. Phil Gilbert
**U.S. District Judge**